**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50522 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00138-ODW |
| v. | |
| MARTIN CARRILLO-CASTANEDA, a.k.a. Martin Carillo, a.k.a. Marty Carrillo, a.k.a. Spanky, a.k.a. Rodolfo Valdez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Martin Carrillo-Castaneda appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Carrillo-Castaneda contends that the district court erred by (i) failing to consider his mitigating arguments pursuant to the applicable 18 U.S.C. § 3553(a) sentencing factors, (ii) failing to explain adequately the sentence imposed, and (iii) improperly relying on the need to punish. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court adequately considered Carrillo-Castaneda's mitigating arguments, sufficiently explained the sentence, and did not choose the sentence based on an improper factor. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *United States v. Miqbel*, 444 F.3d 1173, 1181-82 (9th Cir. 2006) (describing factors that can and cannot be considered at a revocation proceeding).

Carrillo-Castaneda also contends that his sentence is substantively unreasonable because the court gave too much weight to his criminal history. The district court did not abuse its discretion in imposing Carrillo-Castaneda's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 24-month sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Carrillo-Castaneda's failure to be deterred and breach of the court's trust. *See id.*; *Miqbel*, 444 F.3d at 1182.

**AFFIRMED.**